Dickman, J.
In order to maintain his action, it was incumbent on the plaintiff Howell, to prove that he was injured through the fault of the defendants; and he could-not recover for his injury, if he in any degree contributed to it- by his own negligence. But, whether negligence can be imputed to a defendant or contributory negligence to a plaintiff, is generally a mixed question of law and fact, to be submitted to the jury under proper instructions from the court. In a proper case, the court may take from the jury the evidence given by the plaintiff and render judgment for the defendant, or may attain the same end, by-submitting the case to the jury with instructions to return a verdict for the defendant. But, as said in Stockstill v. D. & M. R. R. Co., 24 Ohio St., 83, “if the evidence tends, in any degree, to prove all the facts which it is incumbent on the plaintiff to establish in order to maintain his action, he has a right to have the weight and sufficiency of the-evidence passed upon by the jury, and it is error for the *442 court to grant the motion, and render judgment against him.” And in an action to recover for an injury, where there is evidence tending to prove negligence on the defendant’s part, and also evidence from which the proper inference to be drawn as to fault on the plaintiff’s part is doubtful, it should be left to the jury to determine, whether the plaintiff was injured by his own fault or that of the defendant. An examination of the record discloses, that evidence was given to the jury by the plaintiff tending to prove that the defendants had been negligent in not securely propping the roof of the mine, and also evidence from which it might be doubtful what inference would be drawn, as to contributory negligence on the plaintiff’s part, in not testing the roof before resuming work in the mine immediately after the blasting with gunpowder. The weight and sufficiency of this evidence, it was the right of the plaintiff, to have passed upon by the jury, and in our opinion, the court erred in withdrawing it from their consideration.
The question arises, whether, if the evidence had been allowed to go to the jury, the relation of the firm of Kelly & Sons to Howell was such, as to preclude their liability to him for the injury he received. Howell was the employé of an independent contractor Greathouse, who had agreed with that firm, through W. D. Kelly, one of its members, to excavate and remove limestone and iron ore from the mine — W. D. Kelly to take personal charge of furnishing and putting up such props, posts or supports for the roof of the mine as would render the miners secure, whenever notified by the contractor that the same were necessary. In the absence of contributory negligence on the part of the employé, Howell, the firm, we think, would be liable to him if he was injured through a neglect to put up the supports requisite for workmen in the mine. Such liability would exist, not by virtue of any privity of contract between Kelly & Sons and Howell, but independently of the contract. The mining work being done through the firm’s own procurement, for their own use and benefit, and upon their own premises over which they retained a superinten *443 dence for the miners’ protection, they owed a duty toward the contractor’s servants to keep the premises in a reasonably safe condition. Howell did not go upon the premises as a mere volunteer, but had the right to go there as an employé of the contractor. Kelly & Sons must have known, that the servants or employés of the contractor would be at work in the mine, and they retained within their own control the furnishing of the appliances that would be needed to protect the employés against a falling of the roof. They virtually stepped in between the contractor and his servants, and took the security of the servants into their own hands. As between Kelly & Sons and the contractor, the firm would be exempt from liability to him for their omission to put the necessary props in the mine, if he failed to give them due notice of the necessity of propping the roof. But, though the firm may not have received the notice from the contractor, having assumed the obligation of protecting the miners against danger, they cannot evade their duty toward the ' contractor’s emplojAs, who came upon their premises with the knowledge-and in the confidence that they were to provide adequate safeguards against injury. If Kelly & Sons received no notice from Great-house, still, they were not ignorant of the dangerous condition of the roof under which Howell was engaged in mining. There is evidence tending to show, that W. D. Kelly, the leading member of the firm, had actual knowledge of the unsafe condition of the room in which Howell was working, irrespective of any information which he might derive through Greathouse. He was in the room only three days before Howell was hurt, and personally inspected the roof, and upon being told that it was insecure, promised to have sufficient posts and caps put up. Nor did he rely solely upon the judgment of Greathouse, and the information he was to receive from him, in determining the necessity of propping the roof, for he himself was in the habit of going through the mine and sounding the roof, and relying upon his own judgment and experience, did not hesitate to give his opinion as to the safety of the room in *444 which Howell was injured. The case of Coughtry v. Globe Woolen Co., 56 N. Y., 124, is somewhat analogous in principle to the present one, and is illustrative of the views which we have advanced. Osborne & Martin contracted to put up a new iron cornice upon the defendant’s mill, any-scaffolding required for that purpose to be erected free of cost to them. The plaintiff’s intestate, a workman in the employ of Osborne & Martin, while engaged in putting up the cornice, was killed by the fall of a scaffold erected by the defendant for the purpose of the work. In an action to recover damages, the plaintiff was non-suited, upon the ground that the defendant owed no duty to the deceased in respect to the construction of the scaffold. It was held, however, on error, that the scaffolding being erected by the defendant upon its own premises for the express purpose of accommodating the workmen, a duty was imposed upon it toward them to use proper diligence in constructing and maintaining the structure; and that this duty existed, independently of the contract.
It is contended that'Howell did not file the proper transcript with his petition in error, and that therefore the district court did not acquire jurisdiction over the subject-matter of the cause. From an examination of the record before us, we discover no satisfactory reason for holding, that the district court did not properly have before it all that was necessary to exhibit the error complained of. The jurisdiction of the district court is therefore sustained, and its judgment affirmed.

Judgment accordingly.